United States District Court
Southern District of Texas
**ENTERED**
July 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,       §
                                §
        Respondent-Plaintiff,   §
                                §   CRIMINAL ACTION NO. H-10-788-2
VS.                             §   CIVIL ACTION H-13-3624
                                §
MICHAEL JAMES WASHINGTON,       §
                                §
        Petitioner-Defendant.   §

## OPINION AND ORDER

Pending before the Court in the above referenced cause are Petitioner Michael James Washington's ("Washington's") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (instrument #238 in H-10-CR-788-2; #2 in H-13-CV-3624), alleging misapplication of the Sentencing Guidelines and ineffective assistance of counsel, Respondent the United States of America's motion to dismiss (#269 in H-10-CR-788-2), and United States Magistrate Judge Frances Stacy's memorandum and recommendation that the Government's motion to dismiss be granted and Washington's § 2255 motion be denied (#273). Washington has not filed any objections to the Magistrate Judge's memorandum and recommendation.

## Standard of Review

Findings of the magistrate judge to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The

-1-

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Once a defendant has been convicted and has exhausted or waived his right to appeal, a Court may presume that he "stands fairly and finally convicted." *U.S. v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001), *citing U.S. v. Frady*, 456 U.S. 152, 164 (1982), and *U.S. v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant may challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude. *Id., citing Shaid*, 937 F.2d at 232. There are four grounds on which a Petitioner may move to vacate, set aside, or correct a sentence under § 2255: (1) his sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the maximum authorized by law; and (4) the sentence was otherwise subject to collateral attack. § 2255(a). "'A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeals waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result.'" *Willis*, 273 F.3d at 595*, quoting U.S. v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). A claim for ineffective assistance of counsel, however, may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 509

-2-

(2003).   If the claimed error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice.  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

After reviewing the above referenced, pending submissions, the Court is of the opinion that Magistrate Judge Frances Stacy's findings and recommendation are not only not clearly erroneous or contrary to law, but are correct.  Accordingly, the Court

ADOPTS the Magistrate Judge's memorandum and recommendation as its own and

ORDERS that the Government's motion to dismiss is GRANTED with prejudice and Washington's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED.

Furthermore, an appeal from a denial of federal habeas corpus relief may only proceed if the district court issues a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), citing Slack v. McDaniel, 529 U.S. 473,

-3-

484 (2000).  Where the district court denies a § 2255 motion on the merits, to warrant a certificate of appealability a Movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Hanry v. Cockrell*, 327 F.2d 429, 431 (5th Cir. 2003).  A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008), *citing Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court finds that given the facts of his offense and guilty plea, Washington has failed to show a denial of his constitutional rights or that any of his claims for relief are subject to debate among jurists of reason.  Accordingly the Court

ORDERS that a certificate of appealability is DENIED.

A final judgment will issue by separate instrument.

**SIGNED** at Houston, Texas, this __8th__ day of __July__, 2016.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-4-